IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH REAUX, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | 08 C 5068 |
| | ) | |
| INFOHEALTH MANAGEMENT | ) | |
| CORP., | ) | |
|     Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant Infohealth Management Corp. provided its employees with a handbook which, among other things, listed the prerequisites necessary for an employee to take leave under the Family and Medical Leave Act of 1993, 29 U.S.C. § 101, *et seq*. Pursuant to the handbook, and after receiving written and verbal assurances from Infohealth that her leave was approved, plaintiff Deborah Reaux began what she believed was an approved maternity leave that was consistent with the FMLA. Reaux gave birth to her child on August 1, 2006, and was scheduled to return to work on September 11, 2006. On September 7, 2006, however, Infohealth terminated Reaux's employment.

Reaux alleges that Infohealth violated the FMLA by terminating her during her protected leave period. She also alleges state law claims of breach of contract and promissory estoppel. Infohealth seeks to dismiss Reaux's complaint, contending that the court lacks jurisdiction over Reaux's FMLA claim and that the remainder of her complaint fails to state a claim upon which relief can be granted. For the following reasons, Infohealth's motion to dismiss is denied.

I.	Background

The following facts are drawn from the plaintiff's complaint and are accepted as true for purposes of Infohealth's motion to dismiss. Reaux was employed by Infohealth as an

Administrative Assistant, and was fired while she was taking leave, purportedly pursuant to the FMLA, that had been approved by Infohealth.

Infohealth provided its employees with a handbook that contained a disclaimer on the first page of the handbook on a page titled "About this Handbook." The disclaimer states that "the policies, procedures, and programs outlined in this handbook are designed to serve as guidelines to keep you informed of relevant facts about your employment. They are not intended to create any kind of contractual relationship and are subject to change at the Company's discretion, with or without notice . . . **Your employment at INFOHEALTH is at will. This means you may terminate your employment with the Company at any time for any reason. INFOHEALTH retains the same right to terminate your employment**." Complaint, Ex. A at 1 (emphasis in original).

The handbook also contained a section entitled "Leaves of Absence." The handbook provided for two different types of leave: leave under the FMLA and personal leave. The FMLA section of the handbook states:

> **Family and Medical Leave**
> INFOHEALTH has adopted the following family and medical leave act policy which is applicable to all of its employees. The purpose of this policy is to provide a leave of absence without pay ("FMLA Leave") to eligible employees in compliance with the Family and Medical Leave Act of 1993 ("FMLA").
>
> **Eligible Employees**
> Employees who satisfy all of the following requirements are eligible for FMLA leave:
>
> ■ The employee has actively worked for the Company for at least 12 months as of the first day of FMLA Leave. The 12 months need not be consecutive;
>
> ■ The employee has worked at least 1250 hours . . . during the 12 month period immediately preceding the first day of FMLA leave; and

**Qualifying Reasons for FMLA Leave**
Eligible employees shall be entitled to a FMLA leave for the following reasons:

- The birth of the employee's child . . . .

*Id*., Ex. A at 22 (emphasis in original).

Infohealth approved Reaux's 12-week maternity leave "pursuant to the policy and the FMLA." Complaint at ¶ 13[1]. In addition, Reaux's direct supervisor told her that she would be entitled to leave if she filled out the FMLA paperwork. *Id*. at 14.

In Reaux's complaint, she acknowledges that Infohealth employed fewer than fifty employees within a seventy-five mile radius of her worksite. Nevertheless, she alleges that Infohealth is equitably estopped from arguing that she was ineligible to take leave under the FMLA because it told her, through its FMLA policy and written and verbal assurances, that she was an eligible employee and was approved for FMLA leave. She also asserts that she relied on those representations by taking leave that was styled as FMLA leave and was harmed when the defendant terminated her four days before her scheduled return date. Based on these allegations, Reaux seeks relief under the FMLA (Count I), and asserts state law claims of breach of contract (Count II) and promissory estoppel (Count III).

---

[1] In Reaux's response to the motion to dismiss, she attaches documentation, including her completed paperwork for her leave, which is styled as pursuant to the FMLA, and emails about her FMLA leave. When considering a motion pursuant to Rule 12(b)(6), the court can only consider the allegations made within the four corners of the complaint. *See, e.g., McCready v. eBay*, 453 F.3d 882, 891 (7th Cir. 2006). Thus, the materials attached to Reaux's response are not properly before the court. However, Reaux's complaint alleges that Infohealth made written and oral representations about her eligibility to take FMLA leave. At the motion to dismiss stage, these allegations are sufficient and the court need not review the supporting evidence. Accordingly, the court will not consider whether the motion to dismiss should be converted to a motion for summary judgment.

## II. Discussion

Infohealth seeks to dismiss Reaux's FMLA claim (Count I) pursuant to Rule 12(b)(1), contending that it did not employ more than fifty people within a seventy-five mile radius of Reaux's worksite so the court lacks jurisdiction. It also seeks to dismiss Reaux's state law breach of contract and promissory estoppel claims (Counts II and III, respectively) pursuant to Rule 12(b)(6) based on the disclaimer in its employee handbook. For the following reasons, these arguments are unavailing.

### A. FMLA (Count I)

#### 1. Standard for a Rule 12(b)(1) Motion to Dismiss

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends upon the purpose of the motion. See *Freiburger v. Emery Air Charter, Inc.*, 795 F. Supp. 253, 256 (N.D. Ill. 1992). If the defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction, the court must accept all well-pled factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208 (7th Cir. 1996). If, however, the defendant denies or controverts the truth of the jurisdictional allegations, the court may properly "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) (citations omitted). Dismissal is proper if it appears beyond doubt that the plaintiff cannot prove any set of facts consistent with the pleadings that would entitle him to the relief requested. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## 2. Equitable Estoppel/FMLA

As a general rule, the FMLA does not protect an employee if her employer employs fewer than fifty employees within seventy-five miles of her worksite. 29 U.S.C. § 2611(2)(B)(ii). This provision, known colloquially as the 50/75 rule, forms the cornerstone of Infohealth's argument, as it is undisputed that Infohealth employed fewer than fifty employees within seventy-five miles of Reaux's worksite. Based on the 50/75 rule, Infohealth contends that the court lacks jurisdiction over Reaux's FMLA claim. On the other hand, Reaux argues that Infohealth is equitably estopped from invoking the 50/75 rule.

"Equitable estoppel is a doctrine which precludes one party from asserting a claim or defense against another party who has detrimentally altered her position in reliance on the former's misrepresentation or failure to disclose a material fact." *Kennedy v. United States*, 965 F.2d 413, 417 (7th Cir. 1992); *see also Time Warner Sports Merchandising v. Chicagoland Processing Corp.*, 974 F.Supp. 1163, 1173 (N.D. Ill. 1997), *quoting Gold v. Dubish*, 193 Ill.App.3d 339, 347-48 (5th Dist. 1989) (under Illinois law, the doctrine of equitable estoppel "is invoked to prevent fraud and injustice; the test is whether, considering all the circumstances of the specific case, conscience and honest dealing require that a party be estopped. Equitable estoppel may arise whenever a party, by his word or conduct, reasonably induces another to rely on his representations, and leads another, as a result of that reliance, to change his position to his injury"). The elements of equitable estoppel are: (1) misrepresentation by the party against whom estoppel is asserted; (2) reasonable reliance on that misrepresentation by the party asserting estoppel; and (3) detriment to the party asserting estoppel. *See id.*

Here, Reaux argues that even though Infohealth was not required to allow her to take FMLA leave, it is equitably estopped from claiming that she is ineligible based on the employee

handbook and its verbal and written assurances that she was eligible to take FMLA leave. She also stresses that the employee handbook does not reference the 50/75 rule. Infohealth, on the other hand, contends that the doctrine of equitable estoppel is not available in the FMLA context and that, in any event, Reaux cannot have reasonably relied on the employee handbook because it contains a disclaimer stating that she is an at will employee.

The Seventh Circuit has recently noted that it had previously "assumed but not decided" that equitable estoppel may be used "to block a statutory defense to FMLA eligibility." *Peters v. Gilead Sciences, Inc.*, 533 F.3d 594, 601 (7th Cir. 2008). It then held that:

> [E]quitable estoppel might, "in an appropriate case," be applied to block the assertion of an available statutory defense in an FMLA action: [A]n employer who by his silence misled an employee concerning the employee's eligibility to family leave might, if the employee reasonably relied and was harmed as a result, be estopped to plead the defense of ineligibility to the employee's claim to entitlement to family leave.

*Id*. at 598-99, *quoting Dormeyer v. Comerica Bank*, 223 F.3d 579, 582 (7th Cir. 2000). The Seventh Circuit also acknowledged that "[o]ther circuits have recognized the availability of equitable estoppel to defeat a defense of FMLA ineligibility." *Id*. at 599 n.6, *citing Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 358 (5th Cir. 2006); *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 493-94 (8th Cir. 2002); *Kosakow v. New Rochelle Radiology Assocs.*, 274 F.3d 706, 723-25 (2nd Cir. 2001).

This court sees no principled reason to jettison the doctrine of equitable estoppel merely because the Seventh Circuit has not unequivocally held that it can be used in a dispute about FMLA eligibility. The Seventh Circuit has identified a circumstance when that doctrine "might" be available, *Dormeyer v. Comerica Bank*, 223 F.3d at 582, and the facts of this case fit neatly into the hypothetical situation laid out by the Seventh Circuit: Infohealth allegedly told Reaux

that she could take FMLA leave, Reaux did so, and was fired while she was still on leave. *See Dormeyer v. Comerica Bank*, 223 F.3d at 582.

The court also disagrees with Infohealth's claim that Reaux cannot establish that she reasonably relied on the written and oral assurances about her ability to take FMLA leave merely because its employee handbook states that the handbook is not intended to create a contractual relationship and that Infohealth's employees are "at will" employees. This position is at odds with the well-established rule that regardless of whether an employee may be terminated "at will," the FMLA "prohibits an employer from interfering with an employee's attempt to exercise her right to medical leave." *See de la Rama v. Ill. Dep't of Human Servs.*, 541 F.3d 681, 686 (7th Cir. 2008) (rejecting employer's reliance on the "at will" employment of an employee taking FMLA leave). Accordingly, Infohealth's motion to dismiss Reaux's FMLA claim is denied.

### B. State Law Claims (Counts II and III)

Because the court denied Infohealth's motion to dismiss Reaux's FMLA claim, it may exercise supplemental jurisdiction over her related state law claims of breach of contract and promissory estoppel. *See* 28 U.S.C. § 1367(a). For the following reasons, Infohealth's motion to dismiss these claims pursuant to Rule 12(b)(6) is denied.

#### 1. Standard for a Rule 12(b)(6) Motion to Dismiss

A plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" and "fair notice" of the plaintiff's claims and the basis for those claims. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). According to the Seventh Circuit, this language imposes two hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is

and the grounds upon which it rests." *E.E.O.C. v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555. Second, the factual allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Id.*

However, "[a] complaint need not "allege all, or any, of the facts logically entailed by the claim," and it certainly need not include evidence." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Instead, a complaint contains enough details if it includes allegations that show that "it is plausible, rather than merely speculative, that he is entitled to relief." *Id*. at 1083 (internal quotations and citations omitted).

Meanwhile, the court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *See Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992). The court must also assume the truth of all well-pled facts, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *See, e.g., McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992).

### 2. Breach of Contract – Illinois Law (Count II)

The traditional requirements for contract formation are offer, acceptance and consideration. *Duldulao v. Saint Mary of Nazareth Hosp. Ctr.*, 505 N.E.2d 314, 318 (Ill. 1987). The Illinois Supreme Court has held that an employee handbook or policy statement can create an enforceable contract when the traditional requirements for contract formation are satisfied. *See id*. ("the language of the policy statement must contain a promise clear enough that an employee would reasonably believe that an offer has been made . . . . the statement must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer . . . . [and] the employee must accept the offer by

commencing or continuing to work after learning of the policy statement"). However, a disclaimer within an employee handbook can be sufficient to show that no "clear promise" was made. *See, e.g., Moore v. Illinois Bell Tel. Co.*, 155 Ill.App.3d 781, 784-85 (2d Dist. 1987) (holding that no promise existed where employee plan contained a statement that it was "a statement of management's intent and . . . not a contract or assurance of compensation").

Infohealth contends that the disclaimer in the handbook trumps the FMLA section, while Reaux unsurprisingly points to the FMLA portion of the handbook and the specific written and oral assurances she received regarding her eligibility for FMLA leave. A breach of contract claim "may be difficult to maintain when the employee handbook expressly provides that the employment relationship is at will." *Perman v. Arcventures*, 196 Ill.App.3d 758, 765 (1st Dist. 1990). Nevertheless, a disclaimer does not automatically override contrary language elsewhere in an employee handbook. *See id*. Specifically, if a handbook contains unequivocal language giving the employee contractual rights and the other elements of a contract exist, a disclaimer may not be binding. *See id*. at 765-66.

Here, Infohealth's employee handbook contains express language stating that its "family and medical leave policy . . . is applicable to all of [Infohealth's] employees" if they have worked at Infoheath for at least twelve months and worked at least 1,250 hours during twelve months prior to their leave. Reaux was aware of this language. Indeed, she alleges that in addition to relying on the express language in the employee handbook, Infohealth expressly told her, orally and in writing, that she had been approved to take FMLA leave. In addition, Reaux has asserted that she believed that Infohealth had made an offer via the handbook and that she accepted the offer by continuing to work after learning about the offer to take FMLA leave. These allegations are sufficient to withstand Infohealth's motion to dismiss. *See Peters v.*

*Gilead Sciences, Inc.,* 533 F.3d at 600 (applying Indiana law and holding that "[t]here is no reason employers cannot offer FMLA-like leave benefits using eligibility requirements less restrictive than those in the FMLA"). Accordingly, the motion to dismiss Reaux's breach of contract claim is denied.

### 3. Promissory Estoppel – Illinois Law (Count III)

Finally, Reaux seeks damages under the doctrine of promissory estoppel, which allows a plaintiff to recover based on a promise even if it is not supported by consideration if she points to: (1) an unambiguous promise; (2) which Infohealth expected and could have foreseen that she would rely on; (3) her reliance on the promise; and (4) resulting harm. *See Moore v. Illinois Bell Tel. Co.*, 155 Ill.App.3d at 785-86.

Infohealth's arguments about Reaux's promissory estoppel claim, like its arguments about her breach of contract claim, flow from the disclaimer in the employee handbook. In support of its motion to dismiss Reaux's state law promissory estoppel claim, Infohealth directs the court's attention to the Seventh Circuit's statement that, "[a] disclaimer that is effective against a claim of breach of contract is also effective . . . against a claim of promissory estoppel." *Workman v. United Parcel Service*, 234 F.3d 998, 1001 (7th Cir. 2000) (applying Indiana law). In essence, Infohealth appears to be suggesting that the disclaimer allows it to win a game of "Gotcha!" with Reaux because the disclaimer in its handbook trumps other express language in the handbook, as well as any and all oral or written representations made by Reaux's supervisors to her.

In ruling on Infohealth's motion to dismiss Reaux's state law promissory estoppel claim, it is important to distinguish between an employee's use of "equitable estoppel to block an employer from asserting a statutory defense to FMLA liability" (discussed above in § II(A)(2),

*supra*) and her use of "promissory estoppel to enforce a promise by an employer to allow 12 weeks of medical leave." *See Peters v. Gilead Sciences, Inc.*, 533 F.3d at 600-01. Here, Reaux's state law promissory estoppel claim is based on her contention that notwithstanding the "employment at will" language in the handbook, Infohealth approved her FMLA leave in writing. She also alleges that her direct supervisor told her that she would be entitled to take FMLA leave if she filled out the FMLA paperwork. Based on these allegations, Reaux asserts that Infohealth expected and knew that she would take the amount and type of leave – which Infohealth styled as FMLA leave – that Infohealth had approved. She also alleges that she relied on Infohealth's written and oral approval of FMLA leave, took this so-called FMLA leave (instead of, presumably, using any available sick or annual leave that may have been available) and was harmed when she was fired before she returned to work.

These allegations are enough to survive Infohealth's motion to dismiss because they track the requirements for a promissory estoppel claim and, as discussed above, the language in the employee handbook does not negate specific representations allegedly made by Infohealth to Reaux about her ability to take what Infohealth styled as FMLA leave. Accordingly, Infohealth's motion to dismiss Reaux's promissory estoppel claim is denied.

### III.     Conclusion

For the reasons stated above, Infohealth's motion to dismiss [#15] is denied.

DATE: March 10, 2009

Blanche M. Manning
United States District Judge

-11-